## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SHERLON EVANS,                    *

Petitioner,                       *

v.                                *        Civil Action No. ELH-23-128

WARDEN, FCI CUMBERLAND,           *

Respondent.                       *
                                ***

### MEMORANDUM

Petitioner Sherlon Evans has filed a petition for writ of habeas corpus against the Warden at FCI, Cumberland, pursuant to 28 U.S.C. § 2241. ECF 1 (the "Petition"). Evans challenges his 1994 conviction in the United States District Court for the Southern District of Florida (case 93-123-cr-Hurley), asserting that he is "'actually innocent' of 'using and carrying' firearms during and in relation to a drug trafficking offense . . ." *Id.* at 6; *see also* ECF 1-1 at 4.[1]

The Petition is supported by a memorandum (ECF 1-1) and a portion of the trial transcript. ECF 1-2. In the memorandum, Evans asserts, *inter alia*, that he received ineffective assistance of counsel with respect to his appeal, in violation of the Sixth Amendment. *Id.* at 3. He seeks "vacatur of sentence and immediate release from federal custody." ECF 1 at 8.

Respondent has filed an opposition (ECF 4), and Petitioner has replied. ECF 7. The matter is now ripe for disposition.

Having reviewed the parties' submissions, the Court finds that no hearing is necessary. Rules 1(b), 8, Rules Governing Section 2254 Cases in the United States District Courts; Loc. R. 105.6 (Md. 2023). For the reasons that follow, the Petition will be denied and dismissed.

---

[1] Evans asserts that he is serving a 30-year consecutive sentence for a conviction under 18 U.S.C. § 924(c). ECF 1-1 at 1, 2.

## I.     Background

In 2021, in the District of Maryland, Evans filed a petition for writ of habeas corpus against the Warden at FCI, Cumberland, pursuant to 28 U.S.C. § 2241.  *See* PWG-21-431.  The case was assigned to Judge Paul Grimm, who has since retired.  In that case, as in this case, Evans complained that his conviction under 18 U.S.C. § 924(c) was invalid.  And, as in this case, Evans relied on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).

Judge Grimm issued a Memorandum Opinion (ECF 8) and Order (ECF 9) on December 8, 2022, denying and dismissing the petition.  By way of background, Judge Grimm recounted, ECF 8 at 1-2:

> In 1994, after a jury trial, Petitioner Sherlon Evans was convicted in the United States District Court for the Southern District of Florida of: (1) conspiracy to possess with intent to distribute cocaine (21 U.S.C. § 846); (2) use of firearms in the commission of a felony (18 U.S.C. § 924(c)); (3) possession of unregistered firearms (26 U.S.C. § 5861); and (4) intimidation of witnesses and jurors (18 U.S.C. § 1512). In June of 1995, Mr. Evans was sentenced to a total term of incarceration of 684 months. The Eleventh Circuit affirmed Mr. Evans's judgment and conviction. *See United States v. Walker*, 1999 WL 721632, 194 F.3d 1322 (Table) (11th Cir. 1999).
>
> Mr. Evans filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 on September 26, 2001. *See Evans v. United States,* Civil No. DTKH-01-4002 (S.D. Fla.); *see also United Sates v. Evans*, Criminal No. 93-cr-00123-UU (S.D. Fla.), ECF No. 406. After briefing, the motion was denied on the merits on May 16, 2002. *Id.*; Criminal No. 93-cr-00123-UU (S.D. Fla.), ECF No. 413. Mr. Evans's appeal to the Eleventh Circuit was dismissed on January 29, 2004. *See Evans v. United States*, 92 Fed. App'x 780 (11th Cir. 2004). Mr. Evans filed a second § 2255 motion on June 24, 2016, in the Southern District of Florida, which was dismissed as an unauthorized successive petition. *See Evans v. United States,* Civil No. DTKH-16-22769 (S.D. Fla).

In this Petition, Evans reasserts his claim that his conviction under 18 U.S.C. § 924(c) is invalid in light of *Bailey*.  According to Evans, "he is 'actually innocent' of 'using' a firearms and silencers during and in relation to a drug trafficking crime."  ECF 1-1 at 1.  To support his "actual innocence" claim, Evans relies on *Bailey*, 516 U.S. 137, a 1995 case in which the Supreme Court

2

determined that a conviction under 18 U.S.C. § 924(c) requires evidence of active employment of a firearm.   *Id.*  In addition, Evans complains that he received ineffective assistance of counsel on direct appeal, because his lawyer did not raise *Bailey*.

## II.  Standard of Review

The threshold question presented here is whether this claim may be properly raised in a petition under 28 U.S.C. § 2241.  A writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed.  *See* 28 U.S.C. § 2241(a).  By contrast, a § 2255 motion challenges the validity of a conviction or sentence.  *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[2] It provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255.

The Court of Appeals for the Fourth Circuit has said that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

---

[2] 28 U.S.C. § 2255 provides, in relevant part:

An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law; and (4) due to the retroactive change in the law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

### III.  Discussion

Respondent advises that Evans has filed multiple unsuccessful petitions in this Court for habeas relief. ECF 4 at 3. He has also filed two petitions under 28 U.S.C. § 2255. *Id.* at 2-3. And, Respondent contends that this case "raises the <u>exact same</u> claim" that Judge Grimm considered, along with the ineffective assistance of counsel claim. *Id.* at 3 (emphasis in ECF 4).

According to Respondent, the Petition is barred by res judicata. *Id.* Res judicata, also known as claim preclusion, is a legal doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine precludes parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Montana*, 440 U.S. at 153–54; *see In re Microsoft Corp Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004).

The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc.*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Under the doctrine of res judicata, a

final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). In other words, res judicata extends to claims that could have been asserted and litigated in the original suit, even if the claims were not raised. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013); *Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989).

"The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Lee v. Norfolk S. Ry. Co*., 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. Appx. 256, 265 (4th Cir. 2008)). "In a claim splitting case, as with the traditional res judicata analysis, the second suit will be barred if the claim involves the same parties or their privies and 'arises out of the same transaction or series of transactions' as the first claim." *Sensormatic*, 452 F. Supp. 2d 621, 626 (D. Md. 2006), *aff'd*, 273 Fed. Appx. 256 (4th Cir. 2008) (citing *Trustmark Insur. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002)).

The prohibition on claim splitting fosters judicial economy and protects parties from "the vexation of concurrent litigation over the same subject matter." *Alston v. Experian Info. Sols., Inc.*, TDC-14-3957, 2016 WL 901249, at *3 (D. Md. Mar. 3, 2016), *aff'd*, 680 F. App'x 243 (4th Cir. 2017). The doctrine is intended in part "to prohibit plaintiffs from 'circumventing' a court's earlier ruling." *Chihota v. Fulton, Friedman & Gullace, LLP*, WDQ-12-0975, 2012 WL 6086860, at *3 (D. Md. Dec. 5, 2012). In determining the appropriate recourse for a claim splitting violation, courts must also be mindful to "protect[ ] litigants against gamesmanship." *Airframe Systems, Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010); *see also Chihota*, 2012 WL 6086860, at *2 n.18.

The doctrine of res judicata applies when the following three elements are present: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Clodfelter*, 720 F.3d at 210 (citation and quotation marks omitted); *see Weiner v. Fort*, 197 F. App'x 261, 264 (4th Cir. 2006); *see also In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (stating that "claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding"); *Young–Henderson v. Spartanberg Area Mental Health Ctr.,* 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484, 486 (4th Cir. 1981)).

Ordinarily, res judicata must be pleaded as an affirmative defense. However, a court may raise the defense on its own motion if it is "on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *accord Clodfelter*, 720 F.3d at 208–10; *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). Such an action is warranted based on one of the underlying purposes of res judicata: "avoidance of unnecessary judicial waste." *Arizona*, 530 U.S. at 412.

In Petitioner's earlier § 2241 Petition, he asserted the exact same claim he raises in the pending Petition, *e.g.*, that *Bailey* rendered his conviction invalid. *Evans v. Warden*, Civil Action No. PWG-21-431 (D. Md.), ECF 1. Although Evans did not assert ineffective assistance of appellate counsel for failure to raise *Bailey*, he certainly could have done so.

In denying and dismissing that Petition, Judge Grimm stated, case PWG-21-431, ECF 8 at 3-4:

In *Bailey v. United States*, 516 U.S. 137, 143 (1995), the Supreme Court interpreted the meaning of the word "use" under 18 U.S.C. § 924(c)(1), holding the government must prove active employment of the firearm. Here, Mr. Evans's claim fails because he cannot demonstrate that § 2255 is inadequate and ineffective to test the legality of his conviction, as *Bailey* was not decided "subsequent to the prisoners direct appeal and first § 2255 motion." *Wheeler*, 886 F.3d at 429. Mr. Evans's Petition is based solely on the decision in *Bailey*, which was decided on December 6, 1995. Mr. Evans's direct appeal was not decided until September 2, 1999. Further, Mr. Evans's original § 2255 was not filed until 2001, more than five years after the decision in *Bailey*. As such, *Bailey* does not represent new substantive law decided after Mr. Evans's direct appeal and first § 2255 motion; thus, Mr. Evans cannot demonstrate that he is entitled to invoke the savings clause in § 2255 to pursue his claim under § 2241.

Here, Evans raises a claim against Respondent—actual innocence under *Bailey*—which he raised previously against the same Respondent. And, in the earlier action, Evans could have asserted ineffective assistance of appellate counsel. Therefore, Petitioner is barred from pursuing his habeas action under the doctrine of res judicata. It follows that the Court will not reach the merits of Petitioner's claims.

## IV. Conclusion

Petitioner has failed to demonstrate entitlement to review of his claims under 28 U.S.C. § 2241. Therefore, habeas relief shall be denied and the Petition shall be dismissed.

A habeas petitioner may not appeal the final order on a petition without first having received a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003)).

In my view, the legal standard for issuance of a certificate of appealability has not been met. Therefore, I decline to issue one. However, Petitioner may seek a certificate of appealability from the Fourth Circuit. *See* Fed. R. App. P. 22(b).

A separate Order follows.


<u>April 5, 2024</u>                                      <u>/s/                                          </u>
Date                                                  Ellen L. Hollander
                                                      United States District Judge